IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| CLAIRE E. VEALE,<br><br>          Petitioner,<br><br>v.<br><br>JO ANNE B. BARNHART, Commissioner<br>of Social Security Administration,<br><br>          Respondent. | Case No. CV 04-425-S-MHW<br><br>**MEMORANDUM DECISION<br>and ORDER** |

Currently before the Court for its consideration is the Petitioner's request for judicial review (Docket No. 1) of the Respondent's denial of Title XVI Supplemental Security Income benefits, filed January 7, 2002. Petitioner brought this action pursuant to the Social Security Act ("Act"), as amended, 42 U.S.C. § 405(g). The Court has reviewed the petition for review and the answer, the parties' memorandums, and the administrative record, and submits its Memorandum Decision as follows.

I.

**Background.**

**A.   Administrative Proceedings.**

Petitioner Claire Elise Veale filed an application for supplemental security income on January 7, 2002.  She alleged disability since September 1, 2000 (AR 55), although at the hearing the ALJ stated, and Petitioner's attorney conceded, that the alleged onset date was January 7, 2002 (AR 213).   The application was denied initially on April 10, 2002, and upon reconsideration on July 31, 2002.  (AR 41-45 and 35-39, respectively.)  After a timely request for a hearing was filed on August 23, 2002, Petitioner, represented by attorney Andrea Cardon, appeared and testified before Administrative Law Judge ("ALJ") Robin L. Henrie on August 13, 2003.  (AR 210-51.)  Dwayne Beaucher, the Petitioner's boyfriend and supervisor for a brief period of time, also testified as a lay witness.  (AR 238-242.)  James Grissom testified as a vocational expert.  (AR 242-50.)

ALJ Henrie considered the testimony and all other evidence of record, and on December 5, 2003, issued a decision finding Petitioner not disabled within the meaning of the Act, and was therefore not entitled to disability insurance benefits or supplemental security income.  (AR 13-25.)  This became the final decision of the Commissioner when the Appeals Council declined to review the ALJ's decision on June 24, 2004.  (AR 2-5.)  20 C.F.R. §§ 404.981, 416.1481 (1991).  Petitioner has exhausted all administrative remedies and is therefore seeking judicial review pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

B.     **Statement of Facts.**

At the time of the hearing before the ALJ, Petitioner was 34 years old, which is defined as a "younger individual." (AR 34.) Petitioner has 14 years of education. (AR 24.) In addition to more recently working as a photo developer, Petitioner's prior work experience consisted of technical support technician for a personal computer company and long distance operator. (AR 243.) Petitioner alleged disability due to lupus with Reynaud's phenomena, depression, headaches, fatigue and pain related to lupus, and difficulty using her thumbs. (AR 213.)

## II.

## Findings of the Administrative Law Judge.

In the decision issued following the hearing (AR 13-25), the ALJ made specific findings as follows:

1.  The claimant has not engaged in substantial gainful activity since the alleged onset date of disability.

2.  The claimant alleges the severe impairment(s) noted above [in the body of the decision], which are incorporated here by reference.

3.  The claimant does have severe impairment(s) which combine to significantly limit the ability to perform basic work-related activities, as set forth in detail above [in the body of the decision].

4.  The exhibits and testimony do not establish that a listing is met or equaled in this case.

5.  The ALJ has determined the claimant's credibility regarding symptom testimony as set forth in detail above in the body of the decision. Such credibility findings are incorporated herein by reference. It is concluded that the claimant's impairments and symptoms do not preclude the occupations suggested by the vocational expert.

6. The claimant suffers from severe impairments, which reduce the residual functional capacity to the performance of only a limited range of sedentary work, as set forth in detail in the body of the decision.

7. The claimant is unable to perform any past relevant work, for the reasons detailed above.

8. The claimant is 34 years of age, which is defined as a "younger person."

9. The claimant has 14 years of education.

10. Work skills are not at issue in this matter as noted in detail above [in the body of the decision].

11. Considering these vocational factors and the claimant's residual functional capacity, Medical-Vocational Rules 201.28 and 201.28 [sic] provide the framework for a finding of "not disabled." Within this framework the claimant could perform a significant number of jobs, in the national economy, in the various occupations cited by the vocational expert, as set forth in detail above [in the body of the decision].

12. The claimant has not been under a "disability," as defined in the Social Security Act, at any time prior to the date of this decision.

### III.

### Standard of Review.

The Petitioner bears the burden of showing that disability benefits are proper because of the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382c(a)(3)(A); *Rhinehart v. Fitch*, 438 F.2d 920, 921 (9th Cir. 1971). An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he

is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d)(2)(A).

On review, the Court is instructed to uphold the decision of the Social Security Commissioner if the decision is supported by substantial evidence and is not the product of legal error.  42 U.S.C. § 405(g); *Universal Camera Corp. v. National Labor Relations Board*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951); *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); and *DeLorme v. Sullivan,* 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971).  It is more than a scintilla but less than a preponderance, *Jamerson v Chater,* 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 108 S. Ct. 2541, 2550, 101 L. Ed. 2d 490 (1988).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist which supports the petitioner's claims.  42 U.S.C. § 405(g); and *Flaten v. Secy of HHS,* 44 F.3d 1453, 1457 (9th Cir. 1995).  Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive.  *Id.*  It is well-settled that if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner."  *Verduzco v. Apfel,* 188 F.3d 1087, 1089 (9th Cir. 1999).

In reviewing a case under the substantial evidence standard, the Court may question an ALJ's credibility assessment of a witness's testimony; however, an ALJ's credibility assessment is entitled to great weight, and the ALJ may disregard self-serving statements.  *Rashad v. Sullivan*, 903 F.2d 1229 (9th Cir. 1990).  Where the ALJ makes a careful consideration of subjective complaints but provides adequate reasons for rejecting them, the ALJ's well-settled role as the judge of credibility will be upheld as based on substantial evidence.  *Matthews v. Shalala*, 10 F.3d 678 (9th Cir. 1993).

The Social Security Commissioner has established a five-step evaluation process in order to determine whether a person is disabled for purposes of awarding disability benefits.  20 C.F.R. §§ 404.1520, 416.920 (1996)*; Lester v. Chater,* 81 F.3d 821, 828 n. 5 (9th Cir. 1995); *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).  First, the Commissioner determines whether the claimant is engaged in substantial gainful activity.  If the claimant is engaged in such activity, disability benefits are denied.  20 C.F.R. §§ 404.1520(b), 416.920(b).  The ALJ determined that the Petitioner was not involved in any substantial gainful activity since January 7, 2002.  (AR 17.)

Otherwise, the ALJ proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments.  A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities."  20 C.F.R. §§ 404.1520(c), 416.920(c), 404.1529(d)(1), and 416.929(d)(1).  If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied.  The ALJ here found that Petitioner Veale's impairments of lupus, fibromyalgia, fatigue, joint pain, low back injury, muscle spasms, bilateral thumb injuries, depression, and

anxiety did not were not of sufficient duration to more than minimally limit the claimant's ability to perform basic work activities.  (AR 17-18.)

Next, the ALJ proceeds to the third step of the evaluation process to determine whether the claimant has an impairment which meets or equals those contained in the Listing of Impairments found in Appendix 1, Subpart P, Regulation No. 4.  20 C.F.R. §§ 404.1520(d), 416.920(e).  Appendix 1 contains a list of impairments which would prevent a person from engaging in substantial gainful employment.  If a claimant can show she is limited by such an impairment, disability is presumed.   The ALJ here determined that Petitioner did not possess the findings upon examination which are required in order for disability to be predicated on medical considerations alone, and that Petitioner's severe impairments did not meet or equal the severity of any listing under Appendix 1, Regulations No. 4 and 16.  (AR 18-19.)

If the impairment is not one that is presumed to be disabling, then the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from performing work which the claimant performed in the past, i.e. whether the claimant has sufficient residual functional capacity to tolerate the demands of any past relevant work.  If the claimant is able to perform past work, a finding of "not disabled" is made and disability benefits are denied. 20 C.F.R. §§ 404.1520(e), 416.920(e).  Here the ALJ concurred with the vocational expert's opinion that the Petitioner could not perform any of her past relevant work.  (AR 19-22.)

If the claimant is unable to perform work performed in the past, the Commissioner proceeds to the fifth and final step to determine whether the claimant can perform other work in the national economy in light of her age, education, and work experience.  The burden shifts to the Commissioner to show what gainful work activities are within the claimant's capabilities.  20

**Memorandum Decision and Order - Page 7**

C.F.R. §§ 404.1520(f), 416.920(f). In the instant case, the ALJ determined from the evidence that the Petitioner did retain the residual functional capacity for a range of sedentary, unskilled labor jobs, a number of which exist in the national economy. (AR 22-23.) On the basis of this review, the ALJ determined that Petitioner was not disabled within the meaning of the Act.

## IV.

## Issues Raised.

The primary issue before the Court is whether the final decision of the Secretary is supported by substantial evidence and whether it is based on proper legal standards. *Matney ex rel. Matney v. Sullivan,* 981 F.2d 1016, 1019 (9th Cir. 1992). Petitioner contends that the ALJ erred in the following respects:

   A)   Whether the ALJ properly supported his findings that the
        Petitioner was not credible.

   B)   Whether the ALJ's findings of sedentary work is properly
        supported.

The Court will take each argument in order.

**A.   Credibility of Petitioner.**

Petitioner asserts that, in his decision, "[t]he ALJ did not specifically state which testimony was not credible, only that the objective medical evidence did not support the Petitioner's testimony." (Petitioner's brief, docket # 14, at 4.)

Courts have consistently held that the ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *See Meanel v. Apfel*, 172 F.3d at 1113; and *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1995). A claimant may not rely upon mere allegations of pain to meet his burden of proof, but must substantiate such

allegations with objective medical findings which could reasonably be expected to produce the alleged pain or other symptoms. *See* 42 U.S.C. § § 423(d)(5)(A) and 1382c(3)(H). The effect of pain can be assessed within an individual's functional capacity and then an ALJ may evaluate the credibility of a claimant's statements about the pain. *Id.* Although a claimant may produce objective medical evidence of an underlying impairment, an ALJ may nonetheless reject the claimant's testimony about the severity of the pain if he can state specific, clear, and convincing reasons for doing so. *Smolen v. Chater,* 80 F.3d 1273, 1281-1282 (9th Cir. 1996). An ALJ is not required to believe every allegation of disabling pain because it would be contrary to 42 U.S.C. § 423(d)(5)(A), and while many medical conditions produce pain it is not always severe enough to preclude gainful employment. *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989).

In this instance, the ALJ summarized in detail the Petitioner's medical history and testimony with regard to how various activities affected her symptoms and/or pain level. (AR 19-21.) He noted that Petitioner testified that she experienced such severe pain from her impairments that she was prevented from doing almost all long term physical activity at a job in a seven hour work day, because, she testified, it would require "days" of recuperation time. (AR 20.)

The ALJ "did not find the claimant's functional allegations, and conclusions of total disability, to be reasonably consistent with the objective medical evidence and non-medical evidence, *when considered as a whole,* as discussed *in detail above* [in the body of the decision]." (AR 21, emphasis added.) In reaching this conclusion, the ALJ relied on both subjective and objective evidence in concluding that Petitioner's testimony was not credible. The ALJ went into extreme detail over the course of *three* single-spaced, type-written pages in

**Memorandum Decision and Order - Page 9**

discussing and comparing Petitioner's medical history versus her testimony in order to show how her testimony is inconsistent with the objective medical evidence.  The reasons stated by the ALJ in reaching his conclusion(s) were thus stated in a clear and convincing manner and this Court is constrained from disturbing that.  Therefore, the Court finds that there is substantial evidence in the record to support the ALJ's decision that the Petitioner's testimony was not fully credible.

**B.     Sedentary work finding.**

Petitioner argues that the ALJ erred in concluding that she could perform *any* of the unskilled sedentary jobs described by the vocational expert.  Petitioner asserts she could not perform these jobs because she can only sit 30-45 minutes at a time, can only stand or walk for 15 to 20 minutes at a time, would need a sit/stand option every 15 to 20 minutes.  According to Petitioner, these limitations alone would prevent the "full range of sedentary work." (Petitioner's brief, docket # 14, at 8.)  In addition, Petitioner asserts that her "concentration, understanding and remembering are moderately impacted due to her lupus and depression," which she implies leads to a performance three or four days a month that is 25% below average. (Petitioner's brief, docket # 14, at 8-9.)  Finally, Petitioner contends that the ALJ did not adequately take into account the Petitioner's friend's testimony nor did he adequately take into account her limited use of her hands.  Petitioner argues that she "could not perform the full range of sedentary work, nor could she sustain work at *any* of the jobs listed by the vocational expert." (Petitioner's brief, docket # 14, at 9, emphasis added.)

### 1.     Petitioner's activities.

Here, the ALJ found that Petitioner had severe impairments consisting of lupus and dysthymia with depressive disorder. This finding at step two is not in dispute. The ALJ also found that Petitioner's impairments did not meet or equal the requirements of a listed impairment under 20 C.F.R. § § 416.920(a)(4)(iii) and 416.920(d). This finding at step three is also not in dispute. The ALJ determined that Petitioner had the residual functional capacity ("RFC") to perform sedentary, unskilled labor with some limitations, including: lift no more than 8.5 pounds; stand or walk for 20 minutes at a time for up to three hours in an eight hour work day; sit for 30 to 45 minutes at a time for no more than six hours in an eight hour workday; have the option to sit or stand as needed; no more than frequent handling, reaching, or fingering; no kneeling, crouching, or crawling; climbing only a few stairs, low stress level; low concentration level requirements; writing no more than five minutes at a time and keyboarding no more than fifteen minutes at a time; and no work involving breakable objects. (AR 21-22, 24.)

An ALJ may discredit a claimant's subjective complaints by identifying inconsistencies between her complaints and her activities of daily living. *See Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002), and *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Here, the record shows and Petitioner testified that she performs such daily activities as driving, reading, caring for pets, engaging in computer activities for hours at a time, riding in the car on extended trips (6 hours to visit relatives), helping to raise a teenager, cooking, shopping, doing laundry, and some housekeeping, although she reported that the latter activities cause her some fatigue. (AR 20, 151, 207, 218, 228-29, and 233.)

**Memorandum Decision and Order - Page 11**

The ALJ properly noted that Petitioner's daily activities were inconsistent with her allegations of physical limitations and this was the reason that he found that she was physically capable of certain types of sedentary work. He did not find that she was capable of the "full range" of sedentary work, as Petitioner has asserted here, but he found that she would be capable of certain sedentary work with very specific limitations taken into account, which he set forth in detail, as stated above. (AR 21-22.) And even with these limitations, the ALJ found, relying on the vocational expert's testimony, that there are a significant number of jobs existing in the national economy that Petitioner would be suited for. The ALJ's findings in this regard are based on the objective evidence of record, he gives clear and concise reasons for his conclusions, and they are therefore supported by substantial evidence.

### 2. Petitioner's medical allegations.

Next, the Court will consider whether the ALJ erred in discrediting the Petitioner's medical complaints of disability. An ALJ may consider a lack of supporting objective medical evidence as a factor in discrediting a claimant's subjective complaints. *See Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002), and *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). With regard to Petitioner's lupus, her treating physician, Dr. Holz, has consistently noted that Petitioner has a normal gait and stance, no muscle spasms or weakness, and a full range of motions in her extremities. (AR 21, 105-36.) This was true even in October, 2001, when Petitioner reported that her lupus was the "worst it has ever been." (AR 120-21.)

As for the mental component to Petitioner's complaints, at her March, 2002, psychiatric evaluation, Petitioner reported that her "main problem is lupus." (AR 149.) Her orientation, memory, thought content, calculations, judgment, and abstract thinking were good and Dr. Doke

noted that Petitioner was able to shop without experiencing panic attacks.  (AR 19, 21, and 153.)  In September, 2003, Dr. Silsby's psychiatric exam was also largely within normal limits and he noted no gait or movement abnormalities.  (AR 207.)

Based on the objective medical evidence of record, and there being no medical reports or expert testimony from Petitioner to the contrary, the ALJ concluded that the Petitioner's "symptoms and allegations of inability to engage in any sustained work activity are out of proportion to the objective clinical findings."  (AR 21.)  The ALJ's findings in this regard are based on the objective evidence of record, he gives clear and concise reasons for his conclusions, and they are therefore supported by substantial evidence.

### 3. Lay testimony.

Petitioner argues that the ALJ did not state reasons for rejecting her other witness's testimony.  The other witness that testified was Petitioner's boyfriend who testified that he generally agreed with Petitioner's assertion that she cannot work full time.  The ALJ did not directly reject this testimony, but only indirectly rejected it in that he did not adopt that testimony in his conclusions to find the Petitioner to be disabled.

Lay testimony is not the equivalent of "medically acceptable. . . diagnostic techniques" that are ordinarily relied upon to establish disability.  42 U.S.C. § 423(d)(3); and *Hall v. Sec'y of HEW*, 602 F.2d 1382 (9th Cir. 1979).  It is proper for the ALJ to exclude lay evidence that conflicts with the available medical evidence.  *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); and *Vincent ex rel. v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (reversal was not required where the ALJ omitted discussion of the testimony of two lay witnesses concerning the claimant's impairments).

Here, the ALJ's decision shows that he considered and balanced the testimony against the objective information in the records and Petitioner's own statements of her activities. (AR 21.) Although the testimony of Petitioner's boyfriend supported Petitioner's assertions of her inability to work full time, this was inconsistent with the objective evidence in the record and therefore it was not error for the ALJ to reach another conclusion. An absence in the ALJ's decision of a discussion of the testimony of a lay witness is not legal error.

    **4.**    **Vocational expert testimony.**

Petitioner asserts that the hypothetical posed to the vocational expert did not adequately take into account all of the limitations posed by Petitioner's RFC. The vocational expert testified that a hypothetical person of claimant's age and RFC (as stated above) could work at thousands of jobs in the national economy including surveillance system monitor, dowel inspector, tube operator, touch up screener, and final assembler. (AR 21-23, 244-47.)

An ALJ may rely on a vocational expert's testimony to determine whether a claimant is capable of performing other jobs in the national economy. *See Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). Here, the ALJ presented the vocational expert with a hypothetical that took into account all of the Petitioner's credible limitations, such as the need to alternate between sitting and standing, limited walking, etc. (AR 244-45.) Because the ALJ included all of the credible RFC limitations in the hypothetical, he was entitled to rely on the jobs that the vocational expert stated that Petitioner could do. (AR 21-24, 244-47.) *See Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001). Petitioner has not proven that she is not capable of performing the work identified by coming forward with expert testimony or reports of her own to refute the vocational expert's opinion. Therefore, the ALJ is entitled to rely upon the opinion of

the vocational expert which was given based on the objective evidence of record and the ALJ's finding in this regard was supported by substantial evidence.

     **5.**     **Petitioner's use of her hands.**

Petitioner has also argued that she has limitations with both of her thumbs which prevent her from being able to perform work that requires frequent handling and fingering and which was not taken into account in considering the jobs that the vocational expert stated that she could perform.

First of all, where a claimant has impairments that limit bimanual dexterity, an ALJ should consider consulting a vocational resource, SSR 96-9p, which the ALJ did here. The vocational expert testified that there were jobs that Petitioner could perform even with her handling and fingering limitations. (AR 23, 245-47.) Therefore, Petitioner's limitations in this regard were taken into account by the vocational expert and the ALJ was entitled to rely upon that. *See Tackett v. Apfle*, 180 F.3d 1094, 1099 (9th Cir. 1999); and *Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001). At least one of the jobs that the vocational expert stated that Petitioner could perform was surveillance system monitor, which would appear to be a job that would involve little handling or fingering requirements. The ALJ's finding in this regard was supported by substantial evidence.

**V.**

**Conclusion.**

Based on its review of the entire record, the Court finds that the Commissioner's decision is supported by substantial evidence and is not the product of legal error. Therefore, the

Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act should be affirmed.

## **ORDER**

Based upon the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED that** the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act be AFFIRMED and that the petition for review be dismissed.



DATED: **September 30, 2005**

Honorable Mikel H. Williams
United States Magistrate Judge